**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49712**

| | |
|---|---|
| In the Matter of:  Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| JANE DOE, | ) |
| | ) |
| Petitioner-Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE (2022-20), | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Filed:  September 14, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Benewah County.  Hon. Rachel Hamilton, Magistrate.

Judgment of nonexistence of parental rights, <u>affirmed</u>; judgment terminating parental rights, <u>vacated</u>.

Benewah County Public Defender; Clayton G. Andersen, St. Maries, for appellant.

Palmer George, PLLC; John H. George, Coeur d'Alene, for respondent.

_____

GRATTON, Judge

John Doe (Doe) contends the magistrate court erred by terminating his parental rights to Jane Doe I (B.B.) when he never had parental rights in the first place.  The underlying inquiry of a termination of parental rights is whether the putative parent has established rights that should be terminated.  Since the magistrate court found Doe had no parental rights to B.B., it was error for the magistrate court to alternatively terminate those rights that did not exist.  Accordingly, we affirm the magistrate court's judgment that Doe has no parental rights or interest in B.B. and vacate the judgment terminating Doe's parental rights.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe and Jane Doe (Jane) had been in a relationship.  Their relationship ended and in October 2019, Jane discovered she was pregnant.  Doe eventually learned about the child, B.B.,

1

but never filed paperwork with vital statistics regarding his intent to establish paternity. In response to Doe's motion for custody of the minor child, filed in January 2021, the court ordered him to obtain a paternity test, but Doe never complied with the order. Doe's motion for custody was dismissed in July 2021.

Following the dismissal, Jane filed a petition to terminate Doe's parental rights in July 2021. Although Jane alleged Doe was not entitled to notice of the proceedings, the magistrate court required notice be provided to Doe. In August 2021, Jane filed an amended petition to terminate parental rights and provided Doe notice. The trial was eventually set for January 2022.

Prior to trial, Doe filed a motion to dismiss the amended petition to terminate parental rights on the basis that Doe's paternity was never established. The magistrate court denied the motion. The trial proceeded and the magistrate court entered written findings of fact and conclusions of law in March 2022.

The magistrate court concluded that Doe failed to establish his parental rights. In the alternative, the magistrate court found that if Doe had parental rights to B.B., then Doe had abandoned B.B. and it is in the best interests of the child to terminate Doe's parental rights. Doe timely appeals.

## II.

## ANALYSIS

Doe argues the magistrate court erred by terminating his parental rights when no such parental rights had been established in the first place. Jane argues the statutory scheme provides Doe's parental rights can be terminated. Further, Jane contends that if the magistrate court erred in terminating Doe's parental rights, the error is harmless because the magistrate court found non-establishment of parental rights which is the same result as terminating Doe's parental rights. Lastly, Jane requests attorney fees and costs on appeal.

The magistrate court started its analysis by determining whether Doe held parental rights to B.B; recognizing that "only after a parental interest has been identified can this court properly evaluate whether said interest may be terminated." The magistrate court found Doe was not a parent under Idaho Code § 16-2002(11). Nevertheless, what appears to be under an abundance of caution, the magistrate court continued to analyze the petition to terminate Doe's parental rights. The magistrate court found Doe had abandoned B.B., and it is in the best interests of B.B. to

2

terminate Doe's parental rights. Judgment was entered as follows: "Any parental rights of [Doe] to [B.B.] . . . are deemed nonexistent, or in the alternative, terminated."

> The underlying premise in a parental rights termination action, however, is that the defendant parent has some parental right to his or her child, which should be terminated. Thus, where there is an initial question as to whether a putative father has a parental interest in his child, it is necessary to begin the inquiry with a determination of the precise nature of the biological father's interest. Only after a parental interest has been identified can a court properly evaluate whether this interest may be terminated.

*Doe v. Roe*, 142 Idaho 202, 204-05, 127 P.3d 105, 107-08 (2005).

There is no dispute between the parties that Doe does not qualify as a parent under I.C. § 16-2002(11). Doe never established his parental rights either by statute or by timely establishing a relationship with B.B. Since Doe has no parental rights, it was error for the magistrate court to terminate them. Yet, Jane is correct that remanding the case is unnecessary under the circumstances. The magistrate court found Doe has no parental interest or rights to B.B. and neither party has challenged this holding. The magistrate court's judgment that Doe has no parental rights to B.B. is affirmed.

Jane requests attorney fees and costs on appeal under I.C. § 12-121 and Idaho Appellate Rules 40-41. Idaho Appellate Rule 40 does not apply to appeals involving termination of parental rights; thus, Jane is not entitled to costs under that rule. A court may award reasonable attorney fees under I.C. § 12-121 "to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Doe's appeal is not frivolous, unreasonable, or without foundation. Jane's request for attorney fees is denied.

### III.

### CONCLUSION

Accordingly, we affirm the judgment that Doe has no parental rights to B.B. but vacate the judgment alternatively terminating Doe's parental rights. We decline to award Jane attorney fees.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.